EXHIBIT 1

**UNITED ARAB EMIRATES**
PRESIDENTIAL CAMELS AND
CAMEL RACING AFFAIRS CENTRE
SECTOR OF SCIENTIFIC CENTERS
& PRESIDENTIAL CAMELS



دولة الإمارات العربية المتحدة
مركــز شـــؤون الســباقـات
وهجن الرئاسـة
قطاع المراكز العلمية
وهجــن الرئاســـة

*Ref.:* US - 1 - 2019
*Date:* 30/06/2019

### To Whom it May Concern

*Seth Fishman DVM has been working closely with our department and other departments in the UAE for the past 8 years. During this time we have asked him to coordinate and pilot many products for our private and confidential use. These products are not commercial products, and are for discretionary use by authorized personnel only. The product, usage and liabilities exist and remain under our strict governance. These products were thoroughly discussed and evaluated by our scientific officers, and pose NO risk to the public. Certain details and specifics are confidential.*

*We appreciate and understand your agency has policies and mandates that must be followed at all times. We fully understand, and respect your obligation to investigate anything within your jurisdiction. It is NOT our intention to interfere with your policies and practices. We simply would like to facilitate unnecessary delays and offer clarification directly on any issues that require any further understanding or actions. If there is any questions please contact Seth Fishman DVM directly for details. If the matter requires the attention or regards issues you prefer to discuss privately or directly with our department then feel free to contact me.*

***Truly appreciate your assistance on this matter.***

**Bengawi Abdalgadir Abdalla**
**Presidential Camels And Camel Racing**
**Affairs Centers Sector Of Scientific**
**Centers & Presidential camels**

*Contact No. +971507834373*

# EXHIBIT 2

**UNITED ARAB EMIRATES**
PRESIDENTIAL CAMELS AND
CAMEL RACING AFFAIRS CENTRE
SECTOR OF SCIENTIFIC CENTERS
& PRESIDENTIAL CAMELS



دولة الإمارات العربية المتحدة
مركز شـــؤون الســـباقات
وهجن الرئاسة
قطاع المراكز العلمية
وهجـــن الرئاســة

10th AUG ,2019

### Reshipment From Equestology, United States of America
### To whom it may concern

This shipment from equestology, USA contains samples of veterinary medicine required by the presidential camels and camel racing affairs centre –Sector of scientic centres & presidential camels owned by his highness the president of UAE .

These Items are to be used solely for camels owned by H.H.The President.All these items have been sourced specifically from supplier – they are not available in the UAE in this form and in many cases have been customized for the specific requirements of racing camels. The items are :

1- DM: ITPP

2- EQUIACE : AICAR

3- HP BLEEDER

4- THUNDER : SILVER DRINK

5-THUNDER XS : SILVER SAMPLE

6-BRAVE : GOLD DRINK

7-NEW LIFE : RED

8- NEW LIFE PLUS : FREE SAMPLE

9- 7SPORT : GREEN

There are no prohibited or dangerous substances in this shipment.

None of the items are for sale and do not hold commercial value.

Attached are all the necessary documents are requested to allow for clearance through customs and we ask for your assistance in providing this .

YOURS SINCERELY,

Presidential Camels and Camel Racing Affairs centre

Sector of Scientic centres & Presidential Camels

EXHIBIT 3



**UNITED ARAB EMIRATES**
PRESIDENTIAL CAMELS AND
CAMEL RACING AFFAIRS CENTRE
SECTOR OF SCIENTIFIC CENTERS
& PRESIDENTIAL CAMELS

دولة الإمارات العربية المتحدة
مركز شـــؤون الســـباقات
وهجــن الرئاسة
قطاع المراكز العلمية
وهجــن الرئاسة

March, 22nd 2020

### To Whom It May Concern

For over 8 years, Seth Fishman has been working closely with several members of our staff. He has visited the UAE on many occasions and has spent a considerable amount of time at our main facility. We have lab technicians, scientists, and doctors employed from different nationalities working together to advance veterinary medicine.  Our main focus is camels

Our performance camels are a significant part of our culture. And we, Sector Of Scientific Centers & Presidential Camels, in United Arab Emirates, we have tested all of Dr. Fishman's products and they have all met or exceeded the agreed specifications.

Our facilities are NOT FDA registered either nor do we intend to register them.  We have never had any quality or safety issues with any products made by Dr. Fishman.

Our camel herd with very high value; traditionally and economically, camels are  significant local revenue stream for our citizens.  Our breeding season runs from January to March and it has been affected by the sudden loss of anticipated breeding products just prior to the start of the season.

There are other losses including the death of camels, we are using Dr. Seth products for treatment of common diseases and a cure of breeding difficulties as well as vaccines.  In an effort to minimize further damages to our Sector we kindly request the following be returned to us as soon as possible:

1

**UNITED ARAB EMIRATES**
PRESIDENTIAL CAMELS AND
CAMEL RACING AFFAIRS CENTRE
SECTOR OF SCIENTIFIC CENTERS
& PRESIDENTIAL CAMELS



دولــة الإمــارات العـربيــة المتحـدة
مركــز شـــؤون الســبــاقـات
وهجــن الرئاسـة
قطـاع المراكـز العلميــة
وهجــن الرئاســة

| ITEM | QTY | ITEM | QTY |
|---|---|---|---|
| AI PDPA | 300 | MGF | 250 |
| BPRB BLUE | 250 | MHP1 | 125 |
| BPRB PLUS | 600 | MHP1BP | 125 |
| Bumadex-AM | 100 | MHP1DMT | 125 |
| Deslorelin | 1200 | Neuro Block NRB1013 | 150 |
| DMTNB | 125 | NBN 3.15 & 5.3 | 150 |
| EBB | 300 | NBO 3.2 & 5.5 | 150 |
| EMP Yellow Cap Sample | 300 | NPP1-34D | 250 |
| EMPL Yellow Cap | 350 | NPP1-40HD (CMPD40) | 300 |
| EMP | 300 | NPP1-D11 (Dynorphin) | 250 |
| EMP  BB1 | 200 | NPX1 | 250 |
| EMP  BB2 | 400 | NPX2 | 250 |
| EMP  BB3 | 400 | NPX Oral | 50 |
| Equi-Mass / PG2 | 400 | P2DP  (PDP2 for Andrew) | 300 |
| Equi-oxide "Bovine" | 400 | PAP2 ER | 300 |
| Equi-Tide | 250 | PAP2 XRT(EXT) | 300 |
| E20CP | 200 | PDP( PAP2) | 300 |
| FAB | 150 | PDP ORAL(PAP2 ORAL) | 50 |
| FAB PLUS | 125 | PG2(Equimass) | 300 |
| Flumetanide 30 mL | 50 | Progesterone VITE 50 mL | 600 |
| Flumetanide 50 mL | 50 | Progesterone | 600 |
| FP-81 | 150 | Robinol | 600 |
| G2 | 150 | RCABB  EEPM619 | 400 |
| G2 | 75 | ST Pain | 250 |
| Glutathione 1.5 g | 300 | ST Pain (silver cap) | 250 |
| HP Bleeder PLUS | 400 | SOD 10 mg | 300 |
| HP Bleeder | 400 | SODHSP-C | 500 |
| HSP250 | 400 | SODHSP25 | 500 |
| Hydrocortisone Succinate  500 mg (AM) | 500 | SODHSP125 | 300 |
| ITP Plus (IDM) | 600 | VO2MAX ++ | 350 |
| Kappa Agnoist | 250 | Zoledren | 250 |
| LAC Diluent | 200 | AICAR | 1200 |
| Lime Green 3ml Amber Vial(GCAV) EEPOF | 300 | | |
| Lola &Lola Diluent | 250 | | |

Sincerely,

*[signature]*

SECTOR OF SCIENTIFIC CENTERS
&PRESIDENTIAL CAMELS

2

EXHIBIT 4

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

Certified to be a true and correct copy of the document on file
Angela E. Noble, Clerk,
U.S. District Court
Southern District of Florida
By _Stephanie Pay_
Deputy Clerk
Date 10-25-2019

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| | ) Case No. 19-mj-8437-DLB |
| The premises located at 2565 S. Ocean Boulevard, #412N, Boca Raton, Florida 33487; 3500 NW 2nd Avenue, #723, Boca Raton, Florida 33431 and the storage unit number 757 located at Smartship Self Storage, 189 Linton Boulevard, Delray Beach, Florida 33444, | ) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Southern_____ District of _____Florida_____
*(identify the person or describe the property to be searched and give its location)*:

### See Attachment "A"

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

### See Attachment "B"

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before    _11-7-2019_
                                                                *(not to exceed 14 days)*

☐ in the daytime  6:00 a.m. to 10 p.m.    ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
_____Duty Judge_____.
                        *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
                                                    ☐ until, the facts justifying, the later specific date of _____

Date and time issued:    _10-25-2019 @ 3:31 p.m._    _____
                                                                    *Judge's signature*

City and state:    West Palm Beach, Florida_____    Dave Lee Brannon, United States Magistrate Judge
                                                            *Printed name and title*

**ATTACHMENT A**

**I.  Premises to be Searched**

The premises to be searched ("Subject Premises-1") is described as follows, and includes all locked and closed containers found therein:

The Subject Premises are particularly described as a residential apartment located at 2565 S. Ocean Blvd. #412N, Boca Raton, Florida 33487[17] in the north building of a multi-story, two-building apartment complex.  Subject Premises-1 is depicted below:



**II.  Items to Be Seized**

**B.  Evidence, Fruits, and Instrumentalities of the Subject Offenses**

The items to be seized from the Subject Premises include the following evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 331, 333, and 352 (misbranding) and 21 U.S.C. § 841 (narcotics distribution) (the "Subject Offenses") described as follows:

1.  Evidence concerning occupancy or ownership of the Subject Premises, including without limitation, utility and telephone bills, mail envelopes, addressed correspondence, diaries, statements, identification documents, address books, telephone directories, and keys.

2.  Computer devices, storage media, and related electronic equipment used to access, transmit, or store information relating to the Subject Offenses.

---

[17] A public search for 2565 S. Ocean Blvd., Boca Raton, Florida 33487, displays a location and corrected address of 2565 S. Ocean Blvd., Highland Beach, Florida 33487.  Both these addresses refer back to the same location, *i.e.*, Subject Premises-1.

3.      Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from computer devices, storage media, and related electronic equipment.

4.      Correspondence and records pertaining to the procurement, development, manufacture, shipment, purchase, sale, or distribution of misbranded drugs including, but not limited to envelopes, letters, mailings, electronic mail, chat logs, electronic messages, books, ledgers, and records bearing on the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions involving misbranded drugs.

5.      Information or correspondence pertaining to the procurement, development, manufacture, shipment, purchase, sale, or distribution of misbranded drugs.

6.      Any records of customers, suppliers, manufacturers, compounders, employees, or other individuals engaged in the procurement, development, manufacture, shipment, purchase, sale, or distribution of misbranded drugs.

7.      Any misbranded, adulterated or unapproved drugs, drugs, pharmaceutical ingredients and products. All labeling, packaging, literature, inserts, and other materials pertaining to these products.

8.      All business records, contracts, agreements and related correspondence, in whatever form, including handwritten and computer generated, involving the acquisition, manufacture, development, sale, and distribution of misbranded, adulterated, or unapproved drugs, and any associated business entities pertaining to the illegal purchase, possession, and unauthorized distribution of any of drugs, pharmaceutical ingredients and products and misbranded, adulterated and unapproved drugs.

9.      Address books, mailing lists, supplier lists, and any and all documents and records pertaining to the preparation, purchase, and acquisition of names or lists of names pertaining to the purchasing and selling of drugs, pharmaceutical ingredients and products and misbranded, adulterated or unapproved drugs.

10.      Evidence of purchases and sales of drugs, pharmaceutical ingredients and products and misbranded, adulterated or unapproved drugs, to include not limited to, bank statements, credit card statements, cancelled checks and checkbooks.

## C.  Search and Seizure of Electronically Stored Information

The items to be seized from the Subject Premises also include any computer devices and storage media that may contain any electronically stored information falling within the categories set forth in Section II.A of this Attachment above, including, but not limited to, desktop and laptop computers, disk drives, modems, thumb drives, personal digital assistants, smart phones, digital cameras, and scanners. In lieu of seizing any such computer devices or storage media, this warrant also authorizes the copying of such devices or media for later review.

The items to be seized from the Subject Premises also include:

1.      Any items or records needed to access the data stored on any seized or copied computer devices or storage media, including but not limited to any physical keys, encryption devices, or records of login credentials, passwords, private encryption keys, or similar information.

2.      Any items or records that may facilitate a forensic examination of the computer devices or storage media, including any hardware or software manuals or other information concerning the configuration of the seized or copied computer devices or storage media.

3.      Any evidence concerning the identities or locations of those persons with access to, control over, or ownership of the seized or copied computer devices or storage media.

**D.  Review of ESI**

Following seizure of any computer devices and storage media and/or the creation of forensic image copies, law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained therein for information responsive to the warrant.

In conducting this review, law enforcement personnel may use various techniques to locate information responsive to the warrant, including, for example:

- surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- opening or cursorily reading the first few "pages" of such files in order to determine their precise contents;

- scanning storage areas to discover and possibly recover recently deleted files or deliberately hidden files;

- performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation; and

- reviewing metadata, system information, configuration files, registry data, and any other information reflecting how, when, and by whom the computer was used.

Law enforcement personnel will make reasonable efforts to search only for files, documents, or other electronically stored information within the categories identified in Sections II.A and II.B of this Attachment. However, law enforcement personnel are authorized to conduct a complete review of all the ESI from seized devices or storage media if necessary to evaluate its contents and to locate all data responsive to the warrant.

32

**ATTACHMENT B**

### III. Premises to be Searched—Subject Premises

The premises to be searched ("Subject Premises-2") is described as follows, and includes all locked and closed containers found therein:

The Subject Premises are particularly described as a ground floor business premises at 3500 NW 2nd Ave.[18] #723, Boca Raton, Florida 33431 within the Boca Design Center business park (a single-story, multi-unit storage facility), with the number "723" displayed on the tinted glass entry door and a garage bay door to the right of the glass door entrance. Subject Premises-2 is depicted below:



### IV. Items to Be Seized

#### B. Evidence, Fruits, and Instrumentalities of the Subject Offenses

The items to be seized from the Subject Premises include the following evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 331, 333, and 352 (misbranding) and 21 U.S.C. § 841 (narcotics distribution) (the "Subject Offenses") described as follows:

1.    Evidence concerning occupancy or ownership of the Subject Premises, including without limitation, utility and telephone bills, mail envelopes, addressed correspondence, diaries, statements, identification documents, address books, telephone directories, and keys.

2.    Computer devices, storage media, and related electronic equipment used to access, transmit, or store information relating to the Subject Offenses.

---

[18] Based on my review of open source images displaying the street sign for "NW 2nd Ave" I have learned that this street is alternatively called "NW Boca Raton Blvd." Based on the foregoing, I believe the street address of Subject Premises-2 and the street address 3500 NW Boca Raton Blvd. #723, Boca Raton, Florida 33431 are the same location.

3.      Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from computer devices, storage media, and related electronic equipment.

4.      Correspondence and records pertaining to the procurement, development, manufacture, shipment, purchase, sale, or distribution of misbranded drugs including, but not limited to envelopes, letters, mailings, electronic mail, chat logs, electronic messages, books, ledgers, and records bearing on the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions involving misbranded drugs.

5.      Information or correspondence pertaining to the procurement, development, manufacture, shipment, purchase, sale, or distribution of misbranded drugs.

6.      Any records of customers, suppliers, manufacturers, compounders, employees, or other individuals engaged in the procurement, development, manufacture, shipment, purchase, sale, or distribution of misbranded drugs.

7.      Any misbranded, adulterated or unapproved drugs, drugs, pharmaceutical ingredients and products. All labeling, packaging, literature, inserts, and other materials pertaining to these products.

8.      All business records, contracts, agreements and related correspondence, in whatever form, including handwritten and computer generated, involving the acquisition, manufacture, development, sale, and distribution of misbranded, adulterated, or unapproved drugs, and any associated business entities pertaining to the illegal purchase, possession, and unauthorized distribution of any of drugs, pharmaceutical ingredients and products and misbranded, adulterated and unapproved drugs:

9.      Address books, mailing lists, supplier lists, and any and all documents and records pertaining to the preparation, purchase, and acquisition of names or lists of names pertaining to the purchasing and selling of drugs, pharmaceutical ingredients and products and misbranded, adulterated or unapproved drugs.

10.     Evidence of purchases and sales of drugs, pharmaceutical ingredients and products and misbranded, adulterated or unapproved drugs, to include not limited to, bank statements, credit card statements, cancelled checks and checkbooks.

**C.  Search and Seizure of Electronically Stored Information**

The items to be seized from the Subject Premises also include any computer devices and storage media that may contain any electronically stored information falling within the categories set forth in Section II.A of this Attachment above, including, but not limited to, desktop and laptop computers, disk drives, modems, thumb drives, personal digital assistants, smart phones, digital cameras, and scanners. In lieu of seizing any such computer devices or storage media, this warrant also authorizes the copying of such devices or media for later review.

The items to be seized from the Subject Premises also include:

1.     Any items or records needed to access the data stored on any seized or copied computer devices or storage media, including but not limited to any physical keys, encryption devices, or records of login credentials, passwords, private encryption keys, or similar information.

2.     Any items or records that may facilitate a forensic examination of the computer devices or storage media, including any hardware or software manuals or other information concerning the configuration of the seized or copied computer devices or storage media.

3.     Any evidence concerning the identities or locations of those persons with access to, control over, or ownership of the seized or copied computer devices or storage media.

**D.  Review of ESI**

Following seizure of any computer devices and storage media and/or the creation of forensic image copies, law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained therein for information responsive to the warrant.

In conducting this review, law enforcement personnel may use various techniques to locate information responsive to the warrant, including, for example:

- surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- opening or cursorily reading the first few "pages" of such files in order to determine their precise contents;

- scanning storage areas to discover and possibly recover recently deleted files or deliberately hidden files;

- performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation; and

- reviewing metadata, system information, configuration files, registry data, and any other information reflecting how, when, and by whom the computer was used.

Law enforcement personnel will make reasonable efforts to search only for files, documents, or other electronically stored information within the categories identified in Sections II.A and II.B of this Attachment.  However, law enforcement personnel are authorized to conduct a complete review of all the ESI from seized devices or storage media if necessary to evaluate its contents and to locate all data responsive to the warrant.

## ATTACHMENT C

### I.  Premises to be Searched—Subject Premises

The premises to be searched ("Subject Premises-3") is described as follows, and includes all locked and closed containers found therein:

The storage unit associated with number 757 located at Smartship Self Storage, 189 Linton Blvd. Delray Beach, Florida 33444, which is a storage unit within a larger warehouse containing multiple storage units.

### II.  Items to Be Seized

#### B.  Evidence, Fruits, and Instrumentalities of the Subject Offenses

The items to be seized from the Subject Premises include the following evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 331, 333, and 352 (misbranding) and 21 U.S.C. § 841 (narcotics distribution) (the "Subject Offenses") described as follows:

1.    Evidence concerning occupancy or ownership of the Subject Premises, including without limitation, utility and telephone bills, mail envelopes, addressed correspondence, diaries, statements, identification documents, address books, telephone directories, and keys.

2.    Computer devices, storage media, and related electronic equipment used to access, transmit, or store information relating to the Subject Offenses.

3.    Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from computer devices, storage media, and related electronic equipment.

4.    Correspondence and records pertaining to the procurement, development, manufacture, shipment, purchase, sale, or distribution of misbranded drugs including, but not limited to envelopes, letters, mailings, electronic mail, chat logs, electronic messages, books, ledgers, and records bearing on the production, reproduction, receipt, shipment, orders, requests, trades, purchases, or transactions involving misbranded drugs.

5.    Information or correspondence pertaining to the procurement, development, manufacture, shipment, purchase, sale, or distribution of misbranded drugs.

6.    Any records of customers, suppliers, manufacturers, compounders, employees, or other individuals engaged in the procurement, development manufacture, shipment, purchase, sale, or distribution of misbranded drugs.

7.    Any misbranded, adulterated or unapproved drugs, drugs, pharmaceutical ingredients and products. All labeling, packaging, literature, inserts, and other materials pertaining to these products.

36

8.    All business records, contracts, agreements and related correspondence, in whatever form, including handwritten and computer generated, involving the acquisition, manufacture, development, sale, and distribution of misbranded, adulterated, or unapproved drugs, and any associated business entities pertaining to the illegal purchase, possession, and unauthorized distribution of any of drugs, pharmaceutical ingredients and products and misbranded, adulterated and unapproved drugs.

9.    Address books, mailing lists, supplier lists, and any and all documents and records pertaining to the preparation, purchase, and acquisition of names or lists of names pertaining to the purchasing and selling of drugs, pharmaceutical ingredients and products and misbranded, adulterated or unapproved drugs.

10.    Evidence of purchases and sales of drugs, pharmaceutical ingredients and products and misbranded, adulterated or unapproved drugs, to include not limited to, bank statements, credit card statements, cancelled checks and checkbooks.

### C.  Search and Seizure of Electronically Stored Information

The items to be seized from the Subject Premises also include any computer devices and storage media that may contain any electronically stored information falling within the categories set forth in Section II.A of this Attachment above, including, but not limited to, desktop and laptop computers, disk drives, modems, thumb drives, personal digital assistants, smart phones, digital cameras, and scanners.  In lieu of seizing any such computer devices or storage media, this warrant also authorizes the copying of such devices or media for later review.

The items to be seized from the Subject Premises also include:

1.    Any items or records needed to access the data stored on any seized or copied computer devices or storage media, including but not limited to any physical keys, encryption devices, or records of login credentials, passwords, private encryption keys, or similar information.

2.    Any items or records that may facilitate a forensic examination of the computer devices or storage media, including any hardware or software manuals or other information concerning the configuration of the seized or copied computer devices or storage media.

3.    Any evidence concerning the identities or locations of those persons with access to, control over, or ownership of the seized or copied computer devices or storage media.

### D.  Review of ESI

Following seizure of any computer devices and storage media and/or the creation of forensic image copies, law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained therein for information responsive to the warrant.

In conducting this review, law enforcement personnel may use various techniques to locate information responsive to the warrant, including, for example:

- surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- opening or cursorily reading the first few "pages" of such files in order to determine their precise contents;

- scanning storage areas to discover and possibly recover recently deleted files or deliberately hidden files;

- performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation; and

- reviewing metadata, system information, configuration files, registry data, and any other information reflecting how, when, and by whom the computer was used.

Law enforcement personnel will make reasonable efforts to search only for files, documents, or other electronically stored information within the categories identified in Sections II.A and II.B of this Attachment. However, law enforcement personnel are authorized to conduct a complete review of all the ESI from seized devices or storage media if necessary to evaluate its contents and to locate all data responsive to the warrant.