UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-mj-08437-DLB

PRESIDENTIAL AFFAIRS DEPARTMENT:
SECTOR OF SCIENTIFIC CENTERS &
PRESIDENTIAL CAMEL DEPARTMENT,
DUBAI EQUINE, and DUBAI CAMEL,

       Petitioners,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

### SEALED ORDER DENYING WITHOUT PREJUDICE PETITIONERS' MOTION FOR RETURN OF PROPERTY

This matter is before the Court on Petitioners' Motion for Return of Property [DE 3]. The government responded [DE 5]. Petitioners' replied [DE 9]. With leave of Court, the government sur-replied [DE 10]. Being fully advised, the Court **ORDERS** that Petitioners' Motion is **DENIED WITHOUT PREJUDICE.**

On October 28, 2019, Seth Fishman ("Fishman"), a Florida-based veterinarian was arrested by law enforcement agents from the Federal Bureau of Investigation ("FBI") in connection with his alleged creation, manufacture, sale, and distribution of adulterated and misbranded performance-enhancing drugs ("PEDs"), which Fishman marketed to trainers of racehorses and other racing animals, including through his company, Equestology, Inc. ("Equestology"). Later that day, Fishman was charged by Complaint in the U.S. District Court for the Southern District of New York with one count of introducing adulterated or misbranded

drugs into interstate commerce with the intent to defraud or mislead, in violation of 21 U.S.C. §§ 331(a), 331(a)(2), 352(o), and 18 U.S.C. § 2.

Prior to Fishman's arrest, on or about October 25, 2019, the undersigned authorized search warrants to search three properties associated with Fishman located in the Southern District of Florida: (1) Fishman's residence; (2) Fishman's office space; and (3) Fishman's storage unit. On or about October 28, 2019, the FBI executed those search warrants and searched those properties, seizing several items, including various adulterated and misbranded drugs (the "Seized Property").

On February 26, 2020, a federal grand jury sitting in the Southern District of New York returned an Indictment charging 19 individuals, including Fishman, with engaging in various conspiracies to manufacture, distribute, and/or receive adulterated and misbranded PEDs intended for use on racehorses, and to secretly administer those PEDs to racehorses under scheme participants' control, with the intent to mislead and defraud regulators and horse racing authorities, among others. *United States v. Navarro et al.*, 20 Cr. 160 (MKV) (S.D.N.Y.).  Fishman, and several of his associates, including Jordan Fishman, Lisa Giannelli, and Rick Dane, Jr., were specifically charged with creating, marketing, and distributing a variety of PEDs, which were manufactured in an unregistered facility, mislabeled, and/or administered with no valid prescription.  As further alleged, Fishman supplied racehorse trainers in the United States with PEDs, including the following: "BB3," "ITP Plus" or "ITPP," "VO2 Max," among others. Fishman's products were created and labeled to evade detection by state racing regulators, state drug regulators, and the Federal Food and Drug Administration, including through the use of labels that contained misleading statements designed to lower the likelihood of scrutiny by such regulators.

Approximately five months after the seizure of the property at issue in the Motion, on March 24, 2020, Petitioners filed the Motion at issue asking for the return of property. Petitioners claim that the property was illegally seized by the government. Petitioners assert that the seized drugs were tailor-made to the specifications of Petitioners' animals and cannot be created or obtained elsewhere. Moreover, Petitioners assert that the seized drugs require special handling and are perishable. Finally, Petitioners state that they do not have an adequate remedy at law to redress its grievances.

Federal Rule of Criminal Procedure 41(g) provides that "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "'[A] Rule 41(g) motion is properly denied if the [Petitioners] is not entitled to lawful possession of the seized property, the property is contraband . . . or the government's need for the property as evidence continues.'" *United States v. Garcon*, 406 Fed. App'x. 366, 369 (11th Cir. 2010) (quoting *United States v. Pierre*, 484 F.3d 75, 87 (1st Cir. 2007).

Petitioners' Motion is premature. *See Garcon*, 406 Fed. App'x at 370 ("the government was not obligated to return [items that had been seized from the defendant] because those items would be needed as evidence in the event that [the defendant's] pending 28 U.S.C. § 2255 motion is successful and he is able to obtain a new trial"); *see also United States v. Cobb*, No. 8:14-CR-123-T-36MAP, 2017 WL 3499257, at *2 (M.D. Fla. Aug. 16, 2017), *appeal dismissed*, No. 17-14159-EE, 2018 WL 1402689 (11th Cir. Feb. 15, 2018) (finding that the government "has produced a legitimate reason for retaining the Property . . . namely that it needs it as potential evidence.. . . ." and that the "need for the Property as evidence has not ceased since [defendant] may still file a § 2255 civil action related to his

criminal case"). The government has established that the items from Fishman's properties were seized in furtherance of the government's ongoing investigation. The Court finds that the government's need for these items as evidence of Fishman and his co-conspirators' manufacture and distribution of misbranded and adulterated drugs continues.

Because the criminal proceeding is still pending, the Court **DENIES WITHOUT PREJUDICE** Petitioners' Motion for Return of Property [DE 3].

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 30th day of April, 2020.

                                                DAVE LEE BRANNON
                                                U.S. MAGISTRATE JUDGE