UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-mj-8437-DLB

FILED BY____*SP*____D.C.

**Jun 16, 2020**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

PRESIDENTIAL AFFAIRS DEPARTMENT:
SECTOR OF SCIENTIFIC CENTERS &
PRESIDENTIAL CAMEL DEPARTMENT,
DUBAI EQUINE, and DUBAI CAMEL,

        Petitioners,

vs.

UNITED STATES OF AMERICA,

        Respondent.

FILED UNDER SEAL

## GOVERNMENT'S MOTION FOR CLARIFICATION
## OF COURT'S LIMITED UNSEALING ORDER

The United States of America, by and through the undersigned Assistant United States Attorney, submits the following:

1.    On June 10, 2020, the Government provided a Notice to the Court requesting the limited unsealing of the briefs filed in this matter and the Court's May 1, 2020 Order (the "Rule 41 Filings") for the purpose of furnishing those papers to the Honorable Mary Kay Vyskocil, United States District Judge in the United States District Court for the Southern District of New York, in connection with a pending motion filed by Seth Fishman ("Fishman") for a bill of particulars and to dismiss the indictment in *United States v. Navarro et al.*, 20 Cr. 160 (MKV) (S.D.N.Y.).  No party filed an objection. On June 11, 2020,[1] this Court granted the Government's motion, unsealing the briefs filed in this matter and the Court's May 1, 2020 Order "for the limited purpose of allowing those filings to be furnished to Judge Vyskocil *in connection with* litigation currently pending in the

---

[1] The Court's Order is dated June 11, 2020 but was filed on the sealed docket in this matter on June 12, 2020.

United States District Court for the Southern District of New York." Order at 2, Dkt. No. 17 (emphasis added) (hereinafter, the "Order").

2.     The pending motion filed by Seth Fishman for a bill of particulars and to dismiss the indictment (the "Motion") was not filed ex parte. *See* Seth Fishman Motion for Bill of Particulars and Motion to Dismiss, *United States v. Navarro et al.*, 20 Cr. 160 (MKV) (S.D.N.Y. May 14, 2020) (Dkt. No. 202).

3.     On June 16, 2020, the Government submitted, via email and under seal, a sealed letter and the Rule 41 Filings to the chambers of Judge Mary Kay Vyskocil, and copied all defense counsel in *United States v. Navarro et al.* in the transmittal email. The Government noted in the email that the Government was filing those submissions under seal, and requested that those filings remain under seal. Counsel for Seth Fishman then emailed the Government objecting to the Government's provision of the Rule 41 Filings to all defense counsel, setting forth his understanding, in substance, that this Court's Order only permitted the submission of the Rule 41 Filings to Judge Mary Kay Vyskocil alone, and none of Fishman's co-defendants in *United States v. Navarro et al.* In light of this objection, the Government requested that all defense counsel refrain from downloading or reviewing the Government's letter or the Rule 41 Filings.

4.     The Government understood the Order to permit the Government to provide the Rule 41 Filings under seal, *i.e.*, not filed on the public docket or otherwise released to the general public. The Government did not interpret the Order to require the Government to file the Rule 41 Filings *ex parte*, *i.e.*, filing them with the Court without simultaneously providing those filings to the other named defendants in *United States v. Navarro et al.* The Government's belief was informed by the fact that the Motion and the Government's opposition were not filed *ex parte*; the Rule 41 Filings were submitted to inform the Court's ruling on the Motion; the defendants in *United States v. Navarro et al.*, including Fishman's co-conspirators, may have interests that will be implicated by the Court's ruling on the Motion; the Rule 41

9

Filings were filed under seal and the Government requested that they remain sealed; and the Government

had no basis to withhold the Rule 41 Filings from all defense counsel in light of the fact that they were filed

under seal.

     5.     In light of Fishman's objection, the Government respectfully writes to seek clarification

regarding this Court's limited unsealing order, and whether the Order permits the Government to furnish

to all defense counsel the Rule 41 Filings under seal.  To the extent the Order did not so contemplate, the

Government respectfully requests that the Court issue a limited unsealing order permitting the Government

to provide the Rule 41 Filings under seal to all defense counsel in *United States v. Navarro et al.*  The

Government has no basis to withhold the Rule 41 Filings from all defense counsel. Moreover, to the extent

the Rule 41 Filings inform Judge Vyskocil's ruling on the Motion, the Rule 41 Filings are pertinent to the

defendants' understanding and interpretation of the ruling.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: /s/ *Rinku Tribuiani*

Assistant United States Attorney
Fla. Bar No. 0150990
500 S. Australian Ave. Suite 400
West Palm Beach, Florida 33401

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 16, 2020, I electronically filed the foregoing document with the Clerk of the Court and provided a copy to the following individuals in the manner specified:

Marissel Descalzo (Via email at mdescalzo@tachebronis.com)
Andrew S. Feldman (Via email at afeldman@feldmanpllc.com)