UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-08437-DLB

PRESIDENTIAL AFFAIRS DEPARTMENT:
SECTOR OF SCIENTIFIC CENTERS &
PRESIDENTIAL CAMEL DEPARTMENT,
DUBAI EQUINE, and DUBAI CAMEL,

       Petitioners,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

### SEALED ORDER ON MOTION TO INTERVENE AND TO REQUEST RECONSIDERATION [DE 12]

This matter is before the Court on the Motion to Intervene and to Request Reconsideration of the Order Denying Petitioners' Motion to Return Property [DE 12] ("the Motion").[1]  The Court has reviewed the supporting and opposing filings, exhibits, and the record in this matter, and rules as follows.

**I.    BACKGROUND**

The Petitioners are under the authority and/or controlled by the ruling family in the UAE. The Intervenors[2] are Seth Fishman and his entity, Equestology. Fishman is a criminal defendant in *United States v. Navarro et al.*, 20 Cr. 160 (MKV) (S.D.N.Y.).  On October 28, 2019,

---

[1] The Court ruled on a portion of the Motion that requested a limited unsealing of the briefs filed in this action, which was unopposed by the government [DE 15].  The Motion's remaining requests are addressed in this order.

[2] Although the caption of the Motion lists only Fishman as the intervenor, the body of the Motion refers to "Intervenors" and makes clear that both Fishman and his entity, Equestology, are seeking to intervene.

1

Fishman, a Florida-based veterinarian, was arrested by FBI agents in connection with his alleged creation, manufacture, sale, and distribution of adulterated and misbranded performance-enhancing drugs, which Fishman marketed to trainers of racehorses and other racing animals, including through his company, Equestology. Fishman was charged in the U.S. District Court for the Southern District of New York with one count of introducing adulterated or misbranded drugs into interstate commerce with the intent to defraud or mislead, in violation of 21 U.S.C. §§ 331(a), 331(a)(2), 352(o), and 18 U.S.C. § 2.

Prior to Fishman's arrest, on or about October 25, 2019, the undersigned authorized search warrants to search three properties associated with Fishman located in the Southern District of Florida: (1) Fishman's residence; (2) Fishman's office space; and (3) Fishman's storage unit. On or about October 28, 2019, the FBI executed those search warrants and searched those properties, seizing several items, including various adulterated and misbranded drugs.

On March 25, 2020, Petitioners filed a motion for the return of property [DE 3]. The government responded [DE 5]. Petitioners replied [DE 9]. With leave of Court, the government sur-replied [DE 10].

On May 1, 2020, the motion for the return of property was denied [DE 11]. Two days later, the Intervenors filed the instant Motion, seeking to intervene in this action, and to request that the Court reconsider its ruling [DE 12]. The Court ordered the government to respond [DE 13], which they did [DE 18]. No reply was filed. The Motion is now ripe for review.

**II.    DISCUSSION**

The motion for return of property was brought pursuant to Federal Rule of Criminal Procedure 41 ("Search and Seizure"), section (g) ("Motion to Return Property"), which provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

A Rule 41(g) motion for the return of property is a motion in equity. *Matter of Search of Clubhouse Compound of Outlaws Motorcycle Club, located at 9371 Holland St., Jacksonville, Duval Cty., Fla.*, No. 3:09-MC-27-J-32PDB, 2017 WL 8809567, at *17 (M.D. Fla. Oct. 6, 2017). The movant must be able to make a threshold showing of entitlement to the property at issue and must show "clean hands" with respect to that property. *U.S. v. Garcon,* 406 F. App'x 366, 369 (11th Cir. 2010); *see also U.S. v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). Even if a movant successfully establishes this threshold showing, the government may "rebut the movant's allegations with evidence that 'it has a legitimate reason to retain the property,' that it does not possess the property, or that the property has been destroyed." *U.S. v. Melquiades*, 394 F. App'x 578, 580 (11th Cir. 2010); (citing *U.S. v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001)).

Simply put, the Court may deny a motion for the return of property "where the government has provided a legitimate reason to require continued possession of the seized property." *U.S. v White*, No. 12-2833-MJ, 2013 WL 5954384, at *1 (S.D. Fla. Nov. 7, 2013) (citing *U.S. v. Price,* No. 10–60243–CR, 2011 WL 2651802, at *1 (S.D. Fla. Jul.7, 2011); *see also Garcon*, 406 Fed. App'x. at 369 (quoting *U.S. v. Pierre*, 484 F.3d 75, 87 (1st Cir. 2007)) ("[A] Rule 41(g) motion is properly denied if . . . the government's need for the property as evidence continues.'").

3

If the movant is a party against whom no criminal charges have been brought, the Court may, under "exceptional" circumstances, invoke discretion to exercise equitable jurisdiction. *See U.S. v. Dean*, 80 F.3d 1535, 1542 (11th Cir. 1996). As the Eleventh Circuit instructed, "[t]he decision to invoke equitable jurisdiction is highly discretionary and must be exercised with caution and restraint . . . [s]uch jurisdiction . . . is only appropriate in exceptional cases where equity demands intervention." *Id.* (citation omitted); *see also Bennett v. United States*, No. 12-61499-CIV, 2013 WL 3821625, at *12 (S.D. Fla. July 23, 2013) (citing *Hunsucker v. Phinney,* 497 F.2d 29, 33 (5th Cir.1974) ("But even if the District Court's power over its officers provides a theoretical basis for jurisdiction in this case, it does not automatically follow that this unique power should be exercised wherever it exists. Rather such jurisdiction should be exercised with 'caution and restraint,' and 'subject to equitable principles.'") (citations omitted)); *see also Matter of Search of Clubhouse Compound of Outlaws Motorcycle Club, located at 9371 Holland St., Jacksonville, Duval Cty., Fla.,* No. 3:09-MC-27-J-32PDB, 2017 WL 8809567at *17.

The Motion for return of property was denied because, at this stage of the criminal proceeding, the government established that it has a legitimate interest in the seized property because the property is still relevant to the ongoing investigation and criminal proceedings. The government is also in lawful possession of the seized items pursuant to a warrant issued by this Court. Because of this, the motion was denied without prejudice, to be revisited only in the event the government no longer has a legitimate need for the seized property.

The Intervenors filed the instant Motion, seeking to intervene in this action, and to request that the Court reconsider its ruling. Both are unwarranted.

First, the Motion seeks intervention for the purpose of safeguarding the defendant Fishman's Fourth Amendment rights based on the search and seizure of his property pursuant to a search warrant in connection with a criminal investigation. The arguments are suited to seek suppression in the pending criminal matter. A motion for the return of property is not the appropriate forum to litigate a suppression motion, particularly since judicially-authorized search warrants issued in the normal course are presumptively valid in such actions. *U.S. v. White*, No. 12-2833-MJ, 2013 WL 5954384, at *2 (citing *U.S. v. Lebowitz,* 676 F.3d 1000, 1010 (11th Cir. 2012)).

Second, reconsideration of the Court's prior order on Petitioners' motion for return of property is not warranted here.

> Though the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, federal district courts have substantial discretion in ruling on such motions in the criminal context. Courts have largely relied on the standards applicable to motions for reconsideration in civil cases to adjudicate reconsideration motions in criminal cases. Thus, reconsideration motions in the criminal context are well-taken when they present one or more of the following: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice.

*U.S. v. Sabooni*, No. 09-20298-CR, 2014 WL 4385446, at *1 (S.D. Fla. Sept. 4, 2014) (internal citations omitted). As in the civil context, a motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). Intervenors have raised no new arguments and no new facts warranting reconsideration of the Court's finding that the property seized from the premises associated with Fishman and Equestology pursuant to judicially-authorized search warrants remains relevant evidence in an ongoing investigation of Fishman and Eqeustology and the case against Fishman. No exhibits or

arguments alter that foundational premise underlying the order denying the motion for return of property.

### III.     CONCLUSION

Accordingly, the Motion to Intervene and to Request Reconsideration of the Order Denying Petitioners' Motion to Return Property [DE 12] is **DENIED**.  To the extent this order provides clarification of its prior Order Denying Without Prejudice Petitioners' Motion for Return of Property [DE 11], it is so ordered.

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 26th day of June, 2020.

*[signature]*
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE